# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD EDWARD FLYNN,

    Plaintiff,      Case Number: 2:10-CV-12751

v.              HONORABLE GERALD E. ROSEN

COUNTY OF WAYNE and WAYNE
COUNTY JAIL,

    Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

  Before the Court is Plaintiff Donald Edward Flynn's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the Wayne County Jail in Detroit, Michigan, has paid the filing fee for this action. In his complaint, Plaintiff alleges that his incarceration is unlawful because his conviction was rendered in violation of Mich. Comp. Laws § 750.335A2B, the Declaration of Independence, the Separation of Powers Doctrine, the Nuremberg Doctrine, *Miranda v. Arizona*, *Hale v. Henkel*, the Belligerent Claimant in Person Doctrine, and the Fourth, Fifth, and Ninth Amendments. Plaintiff names Wayne County and the Wayne County Jail as the defendants in this action. He seeks monetary damages. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### I.

  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against

government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

### A.

Plaintiff's request for monetary relief for alleged violations of his constitutional rights is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court summarized its holding in *Heck*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (emphasis in original and footnote omitted).

Plaintiff's conviction has not been reversed or otherwise invalidated. Therefore, his claims are barred by *Heck*.

**B.**

Even if Plaintiff's claims were not barred by *Heck*, his complaint would nevertheless be subject to summary dismissal. Plaintiff identifies Wayne County as a defendant in this action. Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Plaintiff's complaint did not allege that Wayne County operated pursuant to an unconstitutional policy or custom allowing prisoners to be incarcerated in violation of their constitutional rights as alleged by Plaintiff. Plaintiff's complaint also does not allege that Wayne County was responsible for any of the actions or inactions taken by individuals causing an unlawful incarceration or that the alleged unlawful incarceration occurred as a result of a policy or custom approved by the county. Therefore, Petitioner fails to state a claim against Wayne County.

Plaintiff also identified the Wayne County Jail as a defendant. A county jail is not a proper entity to sue under § 1983. *Watson v. Gill,* 40 F. App'x 88, 89 (6th Cir. 2002); *see also Jacobs v. Pulaski County Jail*, No. 4:07CV00615, 2007 WL 2609586, * 2 (E.D. Ark. September 05, 2007); *Thomas v. McCracken County*, No. 5:06CV-P34-R, 2006 WL 3420299, * 2 (W.D. Ky. November 28, 2006) (holding that a county jail is not a "person" who may be sued under § 1983); *Harvey v. Ridge*, 2007 WL 674710, *6 n.7 (D. N.J. February 28, 2007) (same).

## II.

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** Plaintiff's complaint. The Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 30, 2010

I hereby certify that a copy of the foregoing document was served upon Donald Flynn, #2010010426, Wayne County Jail - Division 1, 570 Clinton Street, Detroit, Michigan 48226 on August 2, 2010, by ordinary mail.

s/Ruth A. Gunther
Case Manager